UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

TIMOTHY ASKEW,

               Plaintiff,

   -against-

THREE (3) OFFICERS OF THE N.Y.P.D.,
AND THE CITY OF NEW YORK; RAY
KELLY, Police Commissioner,

               Defendants.
----------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 01 2012
BROOKLYN OFFICE

**MEMORANDUM
AND ORDER**
12-CV-4773 (ENV)(SMG)

T

**VITALIANO, D.J.**

On September 21, 2012, plaintiff filed the instant *in forma pauperis* complaint *pro se* alleging the police illegally stopped and searched him on September 17, 2012.[1] Plaintiff seeks damages and unspecified "declaratory and injunctive relief." Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is hereby granted. The Clerk of Court shall send a copy of this order and the complaint to the New York City Law Department and a copy of this Order to plaintiff. No summonses shall issue at this time.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[1]This is plaintiff's fifth case alleging illegal stops by the police. Plaintiff filed another action on the same day, *Askew v. Two Officers of the N.Y.P.D.*, 12-cv-4775 (ENV)(SMG) and has filed four prior actions making similar allegations: *Askew v. Three Police Officers*, 12-cv-3796 (ENV)(SMG); *Askew v. One Sergeant of the N.Y.P.D.*, 11-cv-2412 (ENV)(SMG); *Askew v. Six Officers of the N.Y.P.D.*, 11-cv-4275 (ENV)(SMG); *Askew v. Three Officers of the N.Y.P.D.*, 11-cv-4276 (ENV)(SMG). All are pending.



relief." A complaint fails to state a claim on which relief can be granted if, taking all allegations contained in the complaint to be true, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004).

However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

2

## DISCUSSION

### A. Identifying Defendants

Plaintiff alleges that on September 17, 2012 at approximately 6:15 p.m. as he and a friend were walking "back from the store," three New York City police officers (one of whom has badge number 224) traveling in a gray Dodge van with license number FFR-5799 stopped and searched him.[2] Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) *(per curiam)*, the Court requests that Corporation Counsel ascertain the full name(s) and service address(es) of the officer(s), who were involved in plaintiff's stop on September 17, 2012. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

Corporation Counsel is hereby requested to produce the information specified above regarding the identities and service addresses of the arresting officers by October 25, 2012. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants.

### B. Dismissal of City of New York

As with plaintiff's four prior actions, in addition to suing the unknown individual officers involved, he sues the City of New York. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal

---

[2]The Court notes that this is the same license plate identified by plaintiff in the stop and search which occurred on July 24, 2012. *See Askew v. Three Police Officers*, 12-cv-3796 (ENV)(SMG), Dkt no. 1 at 1.

3

connection between that policy or custom and the deprivation of a constitutional right. *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)). Here, Plaintiff concludes "[t]his violation of plaintiff's constitutional rights, is a direct result of the city of New York policy, practice and customs," Complaint at ¶ III, but does not identify any policy, practice or custom. The police are charged with enforcing the laws of New York and authorized to stop and search citizens within certain parameters. Plaintiff has not identified any unconstitutional policy, custom or practice of the City of New York that is attributable to a municipal policymaker. Accordingly, there does not appear to be any basis for suing the City of New York. Plaintiff's § 1983 claim against the City of New York is dismissed without prejudice to plaintiff's right to amend the complaint to include factual allegations that comply with *Monell v. New York City Dep't of Social Servs.*, 436 U.S. at 691 within 30 days of the entry of this Order on the docket.

### C. Dismissal of Raymond Kelly

As a prerequisite to a damage award, a plaintiff must allege each defendant's direct or personal involvement in the alleged constitutional deprivation. *Farrell v. Burke*, 449 F.3d 470 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Although plaintiff names Raymond Kelly as a defendant, there is no allegation in the complaint that Raymond Kelly, the Commissioner of the New York City Police Department, was personally involved in the deprivation of plaintiff's constitutional rights. Thus, defendant Kelly is not a proper party to this action and the claim against defendant Kelly is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) without prejudice to plaintiff's right to amend the complaint to include factual allegations that allege the personal involvement of Kelly within 30 days of the entry of this Order

on the docket.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as to the City of New York and Kelly pursuant to 28 U.S.C. § 1915(e)(2)(B). However, the Court grants plaintiff leave to file an amended complaint within 30 days in support of a claim against these defendants as set forth above. If plaintiff fails to file an amended complaint within 30 days, the complaint shall proceed solely as to the three officers allegedly involved in the September 17, 2012 stop and frisk as identified by the Corporation Counsel. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Eric N. Vitaliano
United States District Judge

Dated: September 26, 2012
Brooklyn, New York